WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carleen Crenshaw-Bruce,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV 17-4337-PHX-DGC (DKD)<br><br><br>**ORDER** |

Pending are Petitioner's *pro per* request for records and transcripts (Doc. 15), her request to amend her petition (Doc. 16), and her motion to strike the State's response and for additional time for reply (Doc. 17). Respondents have filed a response to Petitioner's motion requesting records and her motion to strike and requesting additional time to reply. (Doc. 18)

Ms. Creshaw-Bruce filed her Petition in November 2017, raising seven grounds for relief. (Doc. 1) The record reflects that since filing her Petition, Ms. Crenshaw-Bruce has been released on parole. On March 29, 2018, Respondents filed their limited answer, arguing the Petition should be denied and dismissed because the claims are procedurally defaulted and not cognizable in habeas actions. (Doc. 14 at 1) Respondents have filed exhibits from Petitioner's state court proceedings totaling over 2,000 pages. (Docs. 14-1 through 14-18)

Petitioner requests that this Court require the clerk of the Maricopa County Superior Court transfer "all records, motions and transcripts" from her state criminal case

to this Court. (Doc. 15 at 2) When this Court ordered the Petition served, it instructed that Respondents "may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer." (Doc. 8 at 3) Respondents aver they have attached to their response all documents relevant to their affirmative defenses. (Doc. 18 at 2-3) When the Court evaluates Respondents' affirmative defenses, it will determine whether the record filed is adequate to support these defenses. If the record filed is not sufficient for a ruling on Respondents' defenses, the Court will order Respondents to provide additional documents. Further, as Respondents acknowledge, if the Court holds that Respondents' affirmative defenses fail as to any of Petitioner's grounds for relief, additional briefing will be required, with the potential need for additional record. Petitioner's motion requesting the filing of additional records will accordingly be denied.

Petitioner also asks the Court to strike the State's response (Doc. 14), which was filed with the Court on March 29, 2018. (Doc. 17) She asserts she did not receive a copy of the response until April 24, 2018, and attached a copy of a "package log" at her current address that indicates she signed for a package. (*Id.* at 5) The date associated with her signature is not legible, but the date "4/24/2018" is written over the top of the log. (*Id.*) Petitioner asks the Court to strike the response because she received it more than three weeks after it was filed with the Court, and during the time she otherwise would have been preparing a reply. (*Id.* at 2) Respondents argue that Rule 5(b)(2)(C) provides that a paper is served by mailing it to a person's last known mailing address, and that in such case, service is complete when the paper is mailed. (Doc. 18 at 1, citing Fed. R. Civ. P. 5(b)(2)(C)) Respondents emphasize that the date on which Petitioner signed for a package within the log is illegible, and that the date handwritten above the log has no clear application to the date Petitioner actually signed for her "package." (*Id.* at 2) Respondents assert they mailed a copy of the response to Petitioner on March 29, 2018,

to the address corresponding to the package log, which is the same address she used on her motion to strike. (*Id.* at 1-2) Respondents also state that the package log indicates when an item is collected by a tenant at Petitioner's apartment complex, and not necessarily when the item was delivered. (*Id.* at 2) The Court discerns no basis under these circumstances for striking the State's response, and for that reason will deny Petitioner's motion to strike. The State does not oppose an extension of Petitioner's time to file a reply to the response (*Id.*), which the Court will order.

Petitioner's motion to amend (Doc. 16) appears to be a request for amendment of the relief sought in her Petition to include "justice in this matter," and also referral of her case "to the federal district attorney for prosecution." To prevail in a habeas action pursuant to 28 U.S.C. § 2254, the petitioner must show that "[s]he is in custody in violation of the Constitution or laws or treaties of the United States." After a responsive pleading is served, a party may only amend her petition for habeas corpus by written consent of the adverse party or by leave of court. *See* Fed. R. Civ. P. 15(a). To determine whether to permit an amendment, courts consider: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended [her] complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility of amendment alone can justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Petitioner's request that her Petition be amended to include the relief of "justice in this matter" is overly broad, and does not specifically address a challenge "to the validity of any confinement or to particulars affecting its duration," which are "the province of habeas corpus[.]" *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Similarly, Petitioner's request for referral of the case to the United States Attorney's Office is not relief that is available under § 2254. Accordingly, to allow the amendments Petitioner requests would be futile, and so the Court will deny her motion request.

Accordingly, for the reasons set forth above,

**IT IS ORDERED denying** Petitioner's motion request for records and transcripts (Doc. 15).

**IT IS FURTHER ORDERED denying** Petitioner's motion to amend her petition (Doc. 16).

**IT IS FURTHER ORDERED denying** Petitioner's motion to strike the State's response (Doc. 17).

**IT IS FURTHER ORDERED granting** Petitioner 30 days from the date of this order to file her reply to the State's response.

Dated this 6th day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge